BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**JOHNATHAN S. HAUB, OSB #**76165
Assistant United States Attorney
John.Haub@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1032
Facsimile:  (503) 717-1117
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00054-BR |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| ERIC F. OELKERS, | |
| Defendant. | Sentencing Date: February 23, 2017 at 9:00 a.m. |

The United States of America, through Billy J. Williams, United States Attorney for the District of Oregon, and Johnathan S. Haub, Assistant United States Attorney, hereby submits the following sentencing memorandum.

**I.  Plea and Plea Agreement**

On November 2, 2016, defendant pled guilty to a one-count Indictment charging that on or about September 28, 2015, in the District of Oregon, he knowingly and intentionally escaped from the custody of the Northwest Regional Reentry Center (NWRRC), an institutional facility in which he was to be lawfully confined as a result of a judgment and commitment of the United States District Court for the District of Oregon for the offense of felon in possession of a firearm.

The government agreed that defendant's guideline range should be reduced two levels for early acceptance of responsibility.  Since defendant committed another offense while on escape status which was punishable by a year or more in prison, he failed to qualify for the four-level

reduction for escape from a non-secure facility, pursuant to USSG § 2P2.2(a)(1). The plea offer included a joint sentencing recommendation for a year and a day prison sentence to be served consecutively to any prison sentence being served by the defendant.

### B.    Advisory Sentencing Guideline Calculations

A Presentence Report (PSR) has been completed. The government believes that the facts underlying the defendant's count of conviction, and his overall criminal activity are complete and accurately set forth in the PSR. The government believes that defendant's sentencing guidelines should be calculated as follows:

### Count 1—Escape

| | |
|---|---|
| Base Offense Level, USSG § 2P1.1(a)(1) | 13 |
| Acceptance of Responsibility, USSG § 3E1.1(a) | - 2 |
| Total Adjusted Offense Level | 11 |

With a criminal history score of IV and an advisory guideline level of 11, a sentencing range of 18-24 months' imprisonment is obtained.

The government recommends a two-level downward variance pursuant to Title 18, United States Code, Section 3553(a) for a combination of factors, including defendant's demonstrated good conduct while at NWRRC, as well as expected loss of good conduct credits for good behavior while serving his 84-month prison term. If this request is granted, the range will be 12-18 months.

The parties recommend a sentence of a year and a day, three years supervised release and a $100 fee assessment.

### C.    Sentencing Considerations

Defendant's underlying sentence was for felon in possession of a firearm. Given that this escape conviction will entail substantial loss of good time credits, and given the escape

conviction calls for a consecutive sentence, the lenient sentence recommended by the government takes into account the expected loss of good time credits previously earned as well as defendant's otherwise good performance while at NWRRC. Defendant will have ample opportunity to prove he can obey the law during the supervised release terms he will soon face.

Accordingly, given the factors outlined in 18 U.S.C. § 3553(a), such as the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, the government believes that the sentence as recommended is fair and just.

### D.    Appeal Waiver

Defendant has waived many of his appellate rights as a part of the plea agreement.

Dated this 8th day of February 2017.

    Respectfully submitted,

    BILLY J. WILLIAMS
    United States Attorney

    */s/ Johnathan S. Haub*
    JOHNATHAN S. HAUB, OSB # 76165
    Assistant United States Attorney